E. W. SMITH ET AL. v. W. B. BOWDRE.

ASSIGNMENT FOR CREDITORS.    *Reserving benefit.    Appointment of new assignee.*

A general assignment for creditors is not objectionable because it reserves to the assignor the right, with the assent of a majority of the creditors, to appoint another assignee if the one named declines the trust.

FROM the chancery court of DeSoto county.
HON. B. T. KIMBROUGH, Chancellor.

Payne & Bell, a mercantile firm, executed a general assignment for the benefit of their creditors, giving certain preferences. A number of creditors sued out attachments, and had the same levied on portions of the assigned property, whereupon appellee, Bowdre, the assignee, filed this bill to enjoin the prosecution of the attachments, the equity alleged being the avoidance of a multiplicity of suits.

The assignment, which was made an exhibit to the bill, contained, among other provisions, the following: "Should W. B. Bowdre decline, or otherwise fail to accept the trust herein confided to him, we reserve the right, with and by the consent of a majority of our creditors, to name some one else, who shall be invested with all the power and authority delegated herein to the said Bowdre."

Certain defendants answered the bill, but others, including the appellant, demurred, averring that the assignment was fraudulent upon its face as to creditors, because of the provision above quoted. The demurrer was overruled, and, from the decree overruling it, an appeal was granted to settle the questions of law involved.

*Calvin Perkins,* for appellants.

The reservation by the assignor of the right to appoint another trustee, renders the assignment void on its face.

Reserving the right to name a successor of the assignee has been held objectionable. Burrill, Assignments, 356, citing 3 Barb. Ch., 644.

There is no difference between reserving the right to appoint a successor and reserving the right to name another assignee if the one named should decline to accept. It is true it would take time and be expensive to have another trustee appointed by the chancery court, but these are matters unimportant compared with the danger which would arise from upholding such a power in the assignor. However, I admit that the authorities are in conflict, and this court is free to determine the question upon principle.

*Ira D. Oglesby*, for appellee.

The provision of the assignment complained of, even if it were an absolute reservation of power, would be valid. Certainly it is unobjectionable when it can only be exercised by the consent of a majority of creditors. Not every reservation of power avoids an assignment. It is only when the benefit reserved is injurious to creditors, and antagonistic to the purposes of the trust, that it is illegal. The provision here involved is obviously beneficial to creditors. It avoids the delay and expense of a chancery proceeding to appoint a new trustee, and is no more illegal than the selection in the first instance by the grantor of an assignee. The doctrine, sustained by reason, is announced in Bump on Fraudulent Conveyances, 396. To the same effect, see 24 Conn., 180; Smed. & M. Ch. R., 207.

COOPER, J., delivered the opinion of the court.

We cannot see that the right of any creditor, or any security afforded by the deed of assignment, was impaired by the reservation by the assignor of the power to appoint another assignee (with the assent of a majority of the creditors for whose benefit the assignment was made), if the one nominated by the deed should decline to accept the trust created

thereby. The power reserved was not over the property or its disposition; there is no reservation of a right to change the destination of the proceeds of the estate, or to hamper its management. The evident purpose of the provision was to prevent the delay incident to an application in chancery for the appointment of a trustee if the assignee named should decline to act. Ordinarily, if not universally, such power, honestly exercised, would be beneficial rather than injurious to creditors.

*Decree affirmed.*